**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Woodrow Garrick,** | ) | **CASE NO. 1:11 CV 1083** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **City of Cleveland,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**Introduction**</u>

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc. 11).  This case arises out of the demolition of plaintiff's property by defendant.  For the following reasons, the motion is UNOPPOSED and GRANTED.

<u>**Facts**</u>

Plaintiff Woodrow Garrick filed this Complaint against defendant City of Cleveland in the Cuyahoga County Common Pleas Court.  The case was removed to this Court on the basis of federal question jurisdiction.  Defendant thereafter filed a Counterclaim seeking $25,919.00 for asbestos related costs and demolition costs.

1

The facts are undisputed.  Plaintiff is the owner of property located at 1795 E. 55th Street in Cleveland, Ohio (the Property).  On September 22, 2009, the City of Cleveland, Department of Building and Housing, issued a condemnation notice and demolition order (hereafter, the violation notice) following an inspection of the commercial building located on the Property.  At the time the violation notice was issued, plaintiff was purchasing the Property through a land-installment contract.  As a result, plaintiff's name was placed on the violation notice and the City mailed him a copy of it by certified mail.  On October 13, 2009, plaintiff became the titled owner of the Property.  On October 20, 2009, plaintiff received a copy of the violation notice.

The violation notice provides for the right to file a written appeal of the notice within 30 days of its issuance.  Plaintiff filed his appeal on October 6, 2010.  In February 2011, the City demolished the commercial building on the Property.  The City sent invoices to plaintiff for the demolition and asbestos related removal costs.

Plaintiff filed this Complaint in April 2011.  He alleges that the demolition of the building violated his property rights under the Ohio Constitution and his Fifth and Fourteenth Amendment rights under the United States Constitution.

This matter is before the Court upon defendant's Motion for Summary Judgment.  Plaintiff did not respond to the motion.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*,

2

8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine

issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its

resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242,

248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of [his] pleadings, but [his
> response], by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is genuine issue
> for trial.  If he does not respond, summary judgment, if
> appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most

favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th

Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562

(6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must

"produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53

F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d

3

937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence

of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57

F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the

evidence is "merely colorable" and not "significantly probative," the court may decide the

legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

In the event that a party does not respond to a Motion for Summary Judgment, Federal

Rule of Civil Procedure 56(e) provides that summary judgment shall be entered "if

appropriate."

**Discussion**

Defendant argues that it did not violate plaintiff's constitutional rights and plaintiff

failed to timely perfect his appeal of the violation notice. For the following reasons, this Court

agrees.

Even assuming plaintiff has properly alleged a violation of his constitutional rights[1],

defendant acted properly in demolishing the Property and plaintiff failed to exhaust his

remedies by timely appealing the violation notice.

By statute, the City may inspect buildings and remove them if they are deemed unsafe.

At least thirty days notice by certified mail to the owners must be given prior to the removal

---

[1]     Defendant alternatively argues that plaintiff has failed to plead a § 1983 claim, the
        only vehicle through which he may assert his federal constitutional claims, and
        failed to allege an unconstitutional custom or policy of the City.  Moreover,
        defendant maintains that the City is immune from liability under Ohio statutory
        law.  The Court agrees with all these assertions for the reasons stated by
        defendant.

of any insecure, unsafe, or structurally defective building.  Ohio Revised Code § 715.26.  The City may deliver its notice of intent to demolish a property along with the condemnation notice, and the owner may appeal the notice to the Board of Building Standards within 30 days.  If the owner does not appeal, the notice becomes a final order and the City may demolish the property.  Cleveland Codified Ordinance § 3103.09(g).

It is not disputed that plaintiff was served with the violation notice by certified mail on October 20, 2009.  The notice identified the Property by parcel number and address, and gave plaintiff notice of the City's intent to demolish the Property.  Thus, plaintiff had actual notice of the condemnation and the City's intent to demolish.  Plaintiff was also notified of his right to appeal within 30 days.  Plaintiff did not file an appeal until almost one year later- on October 6, 2010.  Thus, plaintiff did not perfect a timely appeal and the Board never had jurisdiction to hear it.  The City did not wrongfully demolish the Property given that the violation notice became a final order when plaintiff failed to appeal it.  As the City acted properly, no violation of plaintiff's constitutional rights occurred.

For these reasons, summary judgment is warranted on plaintiff's Complaint.

Defendant also seeks summary judgment on its Counterclaim in the amount of $25,919.00, representing the asbestos related costs ($17,671.00) and demolition costs ($8,248.00).  (Danielle Graham aff.) Pursuant to Ohio statute and the City's Codified Ordinances, the City is authorized to recover demolition costs from the owner of record including the "cost of removing, repairing, or securing insecure, unsafe, structurally defective, abandoned, deserted, or open and vacant buildings or other structures, of making emergency corrections of hazardous conditions, or of abating any nuisance."  Ohio Revised Code §

5

715.261; Cleveland Codified Ordinance § 3103.09(j); *City of Cleveland v. W.E. Davis Co.,* 1996 WL 403337 (Ohio App.8th Dist. 1996) (citations omitted).  It is undisputed that the City incurred these costs in demolishing the Property, plaintiff was sent an invoice for payment, and plaintiff failed to pay the costs incurred.

For these reasons, summary judgment is warranted on defendant's Counterclaim.

**Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 1/18/12

6