**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Woodrow Garrick,** | ) | **CASE NO. 1:11 CV 1083** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **City of Cleveland,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Civil Rule 59(e) (Doc. 16). This case arises out of the demolition of plaintiff's building by defendant. For the following reasons, the motion is DENIED.

### Discussion

Plaintiff Woodrow Garrick filed this Complaint in April 2011 against defendant City of Cleveland in the Cuyahoga County Common Pleas Court. The case was removed to this Court on the basis of federal question jurisdiction given that the Complaint alleges that the demolition of the building violated plaintiff's rights under the Fifth and Fourteenth

1

Amendments to the United States Constitution. Defendant thereafter filed a Counterclaim seeking $25,919.00 for asbestos related costs and demolition costs.

This Court previously granted defendant's Motion for Summary Judgment as unopposed and found the following facts to be undisputed:

> Plaintiff is the owner of property located at 1795 E. 55th Street in Cleveland, Ohio.  On September 22, 2009, the City of Cleveland, Department of Building and Housing, issued a condemnation notice and demolition order (hereafter, the violation notice or condemnation notice) following an inspection of the commercial building located on the Property.  At the time the violation notice was issued, plaintiff was purchasing the Property through a land-installment contract.  As a result, plaintiff's name was placed on the violation notice and the City mailed him a copy of it by certified mail.  On October 13, 2009, plaintiff became the titled owner of the Property.  On October 20, 2009, plaintiff received a copy of the violation notice.
>
> The violation notice provides for the right to file a written appeal of the notice within 30 days of its issuance.  Plaintiff filed his appeal on October 6, 2010.  In February 2011, the City demolished the commercial building on the Property.  The City sent invoices to plaintiff for the demolition and asbestos related removal costs.

(Doc. 12)

Plaintiff now seeks to alter or amend the judgment. For the following reasons, plaintiff has not demonstrated that he is entitled to relief from the judgment.

Initially, as this Court previously found, the Complaint has failed to plead a § 1983 claim, the only vehicle through which plaintiff may assert his federal constitutional claims. *See Aarti Hospitality, LLC v. City of Grove City, Ohio,* 350 Fed.Appx. 1 (6th Cir. 2009). More importantly, plaintiff failed to allege an unconstitutional custom or policy of the City.  "To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." *Miller v. Sanilac Cnty*., 606 F.3d 240, 254–55 (6th Cir.2010) (citing *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592,

606–07 (6th Cir.2007); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).  Plaintiff's failure to allege a municipal policy or custom renders his claim against the City futile.

For these reasons, dismissal of the Complaint is proper.

Even assuming plaintiff has properly alleged a violation of his Fifth and Fourteenth Amendment rights by defendant, plaintiff's newly submitted arguments and evidence do not demonstrate that the City acted improperly in demolishing his property.

Cleveland Codified Ordinance (CCO) § 3103.20(e)(2) states that an "appeal shall be made within 30 days after the decision from which appeal is taken is rendered..."  Ohio courts have found that the prerequisites of CCO § 3103.20(e)(2) are jurisdictional and that a party's failure to observe those requirements prevent the Board of Building Standards & Building Appeals from taking jurisdiction of the matter. *Broadview Mtg. Co. v. City of Cleveland,* 1993 WL 76884 (Ohio App. 8th Dist. March 18, 1993) (citations omitted).

While plaintiff had alleged in his Complaint that he filed an appeal to the Board of Building Standards and Building Appeals (hereafter, the Board) on October 6, 2010, he now submits an affidavit stating that he in fact filed a timely appeal as evidenced by an April 28, 2010 Resolution issued by the Board. (Doc. 16 Ex. 2) However, the Resolution simply states that plaintiff appealed the condemnation notice.  A public hearing was held on March 31, 2010. It was resolved that plaintiff would be granted 14 days in which to obtain permits and 90 days in which to complete abatement of the violations, and that the matter was remanded to the department of Building and Housing for supervision. (*Id.*)

In response, defendant submits the affidavit of Antoinette Cobb, the Board's

Executive Secretary, who avers that plaintiff's notice of appeal was actually filed on November 9, 2009. (Cobb aff.) As plaintiff did not file a reply brief, this evidence is undisputed. Because the condemnation notice was issued on September 22, 2009, plaintiff had until around October 23, 2009 to file his appeal. Thus, the November 9, 2009 notice of appeal was untimely and the Board did not have jurisdiction to hear it.

Even assuming the Board had jurisdiction to hear plaintiff's late appeal, plaintiff did not comply with the Board's requirements as stated in the Resolution. As set forth above, plaintiff was given 14 days to obtain permits and 90 days in which to complete abatement of the violations. Defendant submits the affidavit of Antoinette Allen, the records custodian for Cleveland's Department of Building and Housing, who avers that no permits were requested or obtained by plaintiff following the 2009 condemnation notice. (Allen aff.) This testimony is undisputed. Nor did plaintiff comply with the requirement that he complete the repairs within 90 days. Plaintiff's own affidavit testimony states that he "was working on the violations up to and including the day the building was demolished on or about February 11, 2011." (pltf. aff.) The Resolution was issued on April 28, 2010. Therefore, more than nine months had passed and the 90 day period had clearly elapsed.

For these reasons, plaintiff has not demonstrated that judgment for defendant on the Complaint should be vacated.

The Court also previously entered summary judgment for defendant on its Counterclaim in the amount of $25,919.00, representing the asbestos related costs and demolition costs. Pursuant to Ohio statute and the City's Codified Ordinances, the City is authorized to recover demolition costs from the owner of record including the "cost of

removing, repairing, or securing insecure, unsafe, structurally defective, abandoned, deserted, or open and vacant buildings or other structures, of making emergency corrections of hazardous conditions, or of abating any nuisance." Ohio Revised Code § 715.261; Cleveland Codified Ordinance § 3103.09(j); *City of Cleveland v. W.E. Davis Co.,* 1996 WL 403337 (Ohio App.8th Dist. 1996) (citations omitted).

In its motion, defendant submitted the affidavit of Danielle Graham, Assistant Commissioner of Cleveland's Department of Finance's Division of Assessment and Licenses, which incorporated two invoices sent to plaintiff in the amounts of $8,248.00 and $17,671.00 regarding the demolition of plaintiff's property. The invoices remain unpaid. (Danielle Graham aff.)

Plaintiff now submits his own affidavit averring that he was never presented with any bids or contracts for the demolition, he was never previously advised of the presence of asbestos, there are no documents supporting the demolition bills, the invoices do not reference asbestos removal, and one of the invoices refers to a service date of October 6, 2010. (pltf. aff.) These averments are insufficient to create an issue of fact. Graham's affidavit testimony and copies of the invoices establish the demolition costs incurred by the City to which they are entitled to recover pursuant to Ohio statute and City ordinance, as stated above. Moreover, both invoices specifically note they are for the demolition of plaintiff's property. Plaintiff's averments fail to dispute that the City incurred these costs.

Finally, plaintiff appears to argue that the transfer of title to the property is void because the previous owner did not disclose the condemnation notice prior to the transfer. But CCO § 3103.09(e)(4), upon which plaintiff relies, may make the seller liable to plaintiff

5

for failure to disclose but does not invalidate the sale.

For these reasons, summary judgment is warranted on defendant's Counterclaim. [1]

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Alter or Amend Judgment Pursuant to Federal Civil Rule 59(e) is denied.

IT IS SO ORDERED.

                                                      /s/ Patricia A. Gaughan
                                                     PATRICIA A. GAUGHAN
                                                     United States District Judge

Dated: 3/28/12

---

[1] Additionally, as defendant points out, plaintiff failed to reply to the Counterclaim and so never raised any defenses regarding the demolition and asbestos removal costs.